UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| HOLLY BITTNER, individually and on behalf of those similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO: ) |
| BENEFITS SOLUTIONS GROUP, LLC | ) ) |
| Defendant. | ) |

**AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL**

### I.   NATURE OF THE CASE

1. Plaintiff, Holly Bittner ("Plaintiff" or "Bittner"), individually and on behalf of those similarly situated, by counsel, brings this action against Defendant, Benefits Solutions Group, LLC ("Defendant"), alleging failure to pay compensable time in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq*. and for violations of Indiana law.

### II.   PARTIES

2. Bittner is a citizen of Gibson County, Indiana and has resided within the geographic boundaries of the Southern District of Indiana at all relevant times.

3. Defendant is a corporation that maintains offices and conducts business within the geographic confines of the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

1

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6. Plaintiff is an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

7. Defendant is subject to the FLSA because its employees engaged in commerce and Defendant generates an annual gross volume of sales made or business done in excess of $500,000.

8. This Court has supplemental jurisdiction over Bittner's Indiana state law claim pursuant to 28 U.S.C. §1367.

9. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.   FACTUAL ALLEGATIONS

10. Defendant is an insurance brokerage and consulting firm that has locations in Indiana, Illinois, and Kentucky.

11. Defendant has approximately eight (8) Solutions Consultants in Indiana.

12. Defendant hired Bittner under what it called an Independent Contractor – Soliciting Agent's Contract in or about June 2021. In her role, Bittner worked as a Solutions Consultant.

13. Under the independent contractor agreement, Bittner was to receive payment for her services on a commission basis which included personal sales commissions and renewal commissions.

14. However, Bittner did not hold a sales position and was not licensed to sell insurance. Rather, her duties included taking calls and screening them before sending customer leads to insurance agents to complete any transaction. Under the terms of the independent contractor agreement, Bittner was supposed to be paid commission for the closures by the insurance agents.

15. Bittner received no pay during her employment between June 2021 and the date of her resignation in November 2021.

16. At all relevant times, Bittner should have been classified as a non-exempt employee who was entitled to be paid time and a half for hours over forty (40) worked in any workweek.

17. In her role, Bittner was required to attend mandatory meetings and be on call during weekends and evenings. She also was required to work forty hours per week. Defendant exhibited direction and control over Bittner such that she should have been classified as an employee.

18. Upon information and belief, other individuals employed as Solutions Consultants have also been improperly classified as independent contractors and not paid wages as required by the FLSA for non-exempt employees.

19. Bittner and the Collective Class either work or have worked within the past three years for the Defendant as non-exempt FLSA employees.

20. Bittner is similarly-situated to Defendant's other Solutions Consultants in that a common practice and policy of refusing to pay wages to Solutions Consultants for time worked affected all current and former Solutions Consultants ("Members of the Class").

21. Bittner is similarly situated to the Members of the Class because they all were Solutions Consultants that performed the same job duties; they were not outside sales associates; they were all paid on commission; and they were all subject to Defendant's unlawful policy and practice of refusing to properly wages for work performed.

22. Defendant's failure to wages as required by the FLSA results from a policy or practice applicable to Bittner and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Bittner or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of wages to Bittner applied to all Members of the Class. Accordingly, the class is properly defined as: *All current and former Solutions Consultants (or their functional equivalents) who have performed work for Defendant but who were not paid wages for hours worked for the Defendant.*

23. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay compensation with respect to Bittner and the Members of the Class.

## V.    LEGAL ALLEGATIONS

### Count I:  FLSA - Failure to Pay Wages

24. Bittner hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25. Bittner and Members of the Class should have been considered non-exempt employees of Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

26. Defendant intentionally and willfully failed to compensate Bittner and Members of the Class for time actually worked performing work-related duties for Defendant.

27. Bittner and Members of the Class are entitled to recover from Defendant all compensation which they earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

28. Defendant's actions in denying Bittner and Members of the Class compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

## Count II- Failure to Pay Wages under Indiana Law

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. The Defendant failed to pay the wages or compensation due to Bittner and Members of the Class on the next usual and regular day for payment of wages in violation of Indiana law.

31. The Defendant has failed for ten (10) days after demand of payment was made to pay Plaintiff for her labor.

32. Plaintiff has suffered damages as a result of the Defendant's failure to pay.

### COUNT IV- UNJUST ENRICHMENT

33. Blake hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint as if the same were set forth at length herein.

34. The Defendant has failed and/or refused to pay wages due to Blake and Members of the Class for their labor and services rendered during their tenure with Defendant.

35. The Defendant has been unjustly enriched by keeping funds which are the property of the Plaintiff and Members of the Class.

### VI.   REQUESTED RELIEF

WHEREFORE, Plaintiff, Holly Bittner, and all employees similarly situated who join this action, respectfully requests that this Court enter judgment in their favor and award the following relief:

1. Payment to Plaintiff (and those who have joined the suit) of all unpaid wages;
2. Payment to Plaintiff (and those who have joined the suit) of liquidated damages for all unpaid wages;
3. Payment to Plaintiff (and those who have joined the suit) of compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Order injunctive relief sufficient to insure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*;

5. Order Defendant to pay pre-judgment and post-judgment interest to Plaintiffs (and those who join the suit);

6. Order Defendant to pay Plaintiff's (and those who join the suit) costs and attorney fees; and

7. Order all other relief this Court deems just and proper.

    Respectfully submitted,

    BIESECKER DUTKANYCH & MACER, LLC

    By: /s/ Lauren E. Berger
    Kyle F. Biesecker, Attorney No. 24095-49
    Lauren E. Berger, Attorney No. 29826-19
    411 Main Street
    Evansville, IN 47708
    Telephone: (812) 424-1000
    Facsimile: (812) 424-1005
    Email: kfb@bdlegal.com
           lberger@bdlegal.com

    Attorneys for Plaintiff, Holly Bittner

## DEMAND FOR JURY TRIAL

Plaintiff, Holly Bittner, by counsel, requests a trial by jury on all issues deemed so triable.

    Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone:  (812) 424-1000
Facsimile:  (812) 424-1005
Email:  kfb@bdlegal.com
  lberger@bdlegal.com

Attorneys for Plaintiff, Holly Bittner